IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00029-BNB

PATRICK ROSELLI,

    Applicant,

v.

CHARLIE DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Patrick Roselli, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He initiated this action by filing *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On January 18, 2012, Magistrate Judge Boyd N. Boland directed Mr. Roselli to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Roselli either to pay the $5.00 filing fee for a habeas corpus action, or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate of the warden showing the current balance in his prison account. Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires such a motion. Rule 1(b) of the Section 2254 Rules applies the rules to habeas corpus actions pursuant to § 2241.

In the January 18 order, Magistrate Judge Boland also directed Mr. Roselli to submit his habeas corpus petition on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, available to him with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov. The January 18 order warned Mr. Roselli that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On January 30, 2012, Mr. Roselli submitted an amended § 2241 petition for writ of habeas corpus not on the Court-approved form. He failed, within the time allowed, to pay the $5.00 filing fee or submit an inmate account statement certified either by the warden or an appropriate officer at the facility where he is incarcerated, as required by Rule 3 of the Section 2254 Rules. Therefore, the amended application will be denied and the action dismissed without prejudice for Mr. Roselli's failure to cure all deficiencies designated in the January 18 order to cure.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Roselli files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for the failure of Applicant, Patrick Roselli, to cure the deficiencies designated in the order of January 18, 2012, within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  24th  day of   February  , 2012.

BY THE COURT:


s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court