IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00029-LTB

PATRICK ROSELLI,

    Applicant,

v.

CHARLIE DANIELS, Warden,

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, Patrick Roselli, filed *pro se* on March 9, 2012, a motion titled "Petitioners [sic] Motion to Alter/Amend the Judgment, or for Relief From the Judgment Dismissing the Petition" (ECF No. 13) in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 6) and the Judgment (ECF No. 7) entered on February 24, 2012. The Court must construe the motion liberally because Mr. Roselli is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  The Court will consider Mr. Roselli's motion to alter or amend the judgment pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  See Van Skiver, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  See id.

The Court denied the amended habeas corpus application pursuant to 28 U.S.C. § 2241 (ECF No. 4) and dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) because Mr. Roselli failed to cure the deficiencies designated in the order of January 18, 2012 (ECF No. 3), within the time allowed.  Specifically, the dismissal order noted that Mr. Roselli failed, within the time allowed, to file his habeas corpus application on the proper, Court-approved form and that he failed either to pay the $5.00 filing fee or to submit an inmate account statement certified either by the warden or an appropriate officer at the facility where he is incarcerated, as required by Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, applied to § 2241 habeas corpus applications by Rule 1(b) of the Section 2254 Rules.

The February 24 dismissal order discusses the reasons for the dismissal in greater detail.

In the motion to reconsider, Mr. Roselli contends that the $5.00 filing fee was sent under separate cover to the Court by family members. However, the Court's docketing records indicate that no $5.00 filing fee was received and docketed prior to the February 24 dismissal of this action. Mr. Roselli also contends that he was delayed in meeting the directives of the Court's January 18 cure order by his misunderstanding that he either needed to pay the $5.00 filing fee or submit a § 1915 motion and affidavit; his delay in receiving the January 18 order from prison staff; and his delay in mailing the amended application (ECF No. 8), § 1915 motion and affidavit (ECF No. 10), and $5.00 filing fee (ECF No. 12), all received by the Court after dismissal of the case on February 27, 2012, because the paralegal friend he contends he mailed these documents to was delayed in submitting them to the Court on his behalf.

During these alleged delays, Mr. Roselli never notified the Court prior to dismissal of any difficulties in meeting the directives of the January 18 order, nor did he request an extension of time in which to comply with the January 18 order. Notifying the Court after dismissal does not relieve Mr. Roselli of his obligation and responsibility to notify the Court prior to dismissal, or to have met the Court-imposed deadline.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Roselli fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Petitioners [sic] Motion to Alter/Amend the Judgment, or for Relief From the Judgment Dismissing the Petition" (ECF No. 13) that Applicant, Patrick Roselli, filed *pro se* on March 9, 2012, and which the Court has treated as a motion to alter or amend the judgment pursuant to Rule 59(e), is denied.

DATED at Denver, Colorado, this 4th day of May, 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court